[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in the above-entitled matter has moved for a finding of contempt on the part of the defendant for his unilateral revocation of appointment of beneficiaries pursuant to a power of appointment to a trust, after service of the petition for dissolution of marriage; in violation of the automatic orders under § 25-5 of the Practice Book.
The defendant argues that the automatic orders do not encompass powers of appointment and that irrevocable trust are outside the jurisdiction of the court.
The defendant, after service of the complaint, flew to Great Britain where on April 9, 1998, he executed a deed of revocation of an appointment he had made in October of 1995 whereby the plaintiff and others were appointed as beneficiaries of the Michael B. Pilkington Settlement Trust. By the deed executed on April 9, 1998, the defendant removed the plaintiff as a beneficiary of the Trust.
Service of the complaint had been made on March 24, 1998. Accordingly, there is no dispute that the activity complained of took place after service of the complaint. The issue in the case is whether a power of appointment is contained within the meaning of the automatic orders.
Practice Book § 25-5 states that (a) "[t]he following automatic orders shall apply to both parties, with service of the automatic CT Page 4627 orders to be made with service of process of a complaint for dissolution of marriage. . . . The automatic orders shall be effective with regard to the plaintiff upon the signing of the complaint and with regard to the defendant upon service and shall remain in place during the pendency of the action, unless terminated, modified, or amended by further order of a judicial authority upon motion of either of the parties: (1) Neither party shall sell, transfer, encumber (except for the filing of a lis pendens), conceal, assign, remove, or in any way dispose of, without the consent of the other party in writing, or an order of a judicial authority, any property, individually or jointly held
by the parties, except in the usual course of business or for customary and usual household expenses or for reasonable attorneys' fees in connection with this action." Further, subsection (a)(8) provides that "[n]either party shall change thebeneficiaries of any existing life insurance policies, and each party shall maintain the existing life insurance . . . . policies in full force and effect." (Emphasis added.) Practice Book § 25-5
(a)(1). "Failure to obey these orders may be punishable by contempt of court." Practice Book § 25-5(b).
The court has jurisdiction over the foreign trust because it has proper jurisdiction over the divorce action itself. The foreign trust is alleged to be property of the marriage, although it may be individually held by third parties for the benefit of the defendant, as such, it is subject to automatic orders.
The defendant violated automatic order number one by removing the plaintiff as beneficiary of the trust. Also, defendant's removal of plaintiff as a beneficiary of a trust, the corpus of which contains an insurance policy, is a violation of automatic order number eight.
(1) Practice Book § 25-5(a)(1) prohibits either party in a divorce proceeding from selling, transferring, encumbering, concealing, assigning, removing, or in any way disposing of anyproperty regardless of whether it is individually held; and (2) Issues of fact exist as to, inter alia, the type of appointment the defendant has pursuant to the terms of the trust. See Cooleyv. Cooley, 32 Conn. App. 152, 628 A.2d 608, cert. denied,228 Conn. 901, 634 A.2d 295 (1993), where the court held that a limited power of appointment is not a part of a marital estate that can be awarded in a dissolution action.
Arguably then, this case (Kendall) may be distinguishable from CT Page 4628Cooley in that the defendant here has a general power of appointment, wherein he is substantially in a position of an owner, and he can assign or delegate his power of appointment. See Cooley v. Cooley, supra, 32 Conn. App. 162. (provides definitions of limited and general powers of appointment). Also, unlike Cooley, the assertion of the plaintiff has been that the defendant here does have an interest, beneficial or otherwise, in the assets of the trust.
However, the court cannot decide in preliminary fashion what assets are per se excludable or includable as marital assets without full evidentiary hearings and a hearing on the merits. It is precisely the reason that the automatic orders must be complied with.
The real issue is not whether assets are or are not marital property but the jurisdiction of the court over the parties and their actions after commencement of dissolution proceedings. It is clear that preventing unilateral changes in the parties' status quo is the specific thrust of the automatic orders.
It is the jurisdiction of the court over the parties and their action that permits the court to govern their conduct.
In a recent case the matter of automatic orders was discussed.Acquarulo v. Acquarulo, Superior Court, Judicial District of New Haven at New Haven, Docket No. 420132 (November 10, 1999,. Jones,J.) "[T]he purpose of the rules [automatic orders] is to maintain the status quo at the commencement of a dissolution to assist families in transition while allowing for home expenditures and maintenance of insurance policies in effect."
Further, "the trial court must be accorded discretion in fashioning an equitable assignment of property. The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable fairly to resolve the parties' dispute. . . ." (Citations omitted; internal quotation marks omitted.) Watson v. Watson,221 Conn. 698, 607 A.2d 383 (1992).
The defendant is found in violation of the automatic orders. The defendant is ordered to appear before this court on May 9, 2000, to show cause why he should not be adjudged in contempt. CT Page 4629
Kocay, J.